UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JUAN A. PALAU,

                             Plaintiff,

                -against-

TMC TRANSPORTATION INC. AND
CARLOS E. ANAYA,

                          Defendants.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/31/2020

20-cv-3242 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS Plaintiff moved to remand this action to state court, on the grounds that removal was untimely and that this Court should abstain from exercising jurisdiction due to the existence of a parallel action in state court that should be consolidated with this action and could result in inconsistent rulings if separately litigated, Dkt. 9 ¶¶ 12, 25;

       WHEREAS Defendants contend that removal was timely because the complaint failed to alert them to the amount in controversy, a fact that is necessary to establish subject-matter jurisdiction in this Court, Dkt. 11 ¶¶ 4–5;

       WHEREAS Plaintiff refused to respond to Defendants' request for a damages amount for over two months, *id.*;

       WHEREAS the complaint failed to specify the amount of damages in controversy and contains no factual allegations from which an amount in controversy in excess of $75,000 could have been reasonably ascertained, Dkt. 1-1 at 4–8;

       WHEREAS Defendants removed to this Court on April 24, 2020, four days after Plaintiff provided a damages amount, Dkt. 11 ¶ 5; and

WHEREAS the parallel state court proceeding has been settled and disposed of, as of July 29, 2020, *see Demasceno v. Anaya et al.*, No. 0033765/2019 (N.Y. Sup. Ct. July 29, 2020);

IT IS HEREBY ORDERED THAT the motion to remand is DENIED.  Pursuant to 28 U.S.C. § 1446(b)(1) and (3), a notice of removal must be filed within 30 days of service of a pleading that, on its face, provides a ground for removal or "if the case stated by the initial pleading is not removable," within 30 days of "receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Here, because the complaint requires Defendants to speculate as to the extent of Plaintiff's injuries and the amount of damages at issue, the 30-day clock did not begin to run until April 20, 2020, and the notice of removal was timely.[1]  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) ("A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." (cleaned up)).  Additionally, because the parallel proceeding in state court has been resolved, the Court sees no basis for abstention.

IT IS FURTHER ORDERED THAT the parties must submit a joint letter, no later than **September 11, 2020**, explaining whether this case remains a live dispute, in light of the

---

[1] While Defendants must "apply a reasonable amount of intelligence in ascertaining removability," they are not required "to look beyond the initial pleading for facts giving rise to removability."  *Whitaker*, 261 F.3d at 206.  Here, Plaintiff claims that the amount in controversy is reasonably ascertainable from the complaint  because the pleading alleged a "serious injury" as defined under N.Y. Ins. Law § 5102(d).  *See* Dkt. 12 ¶ 6.  While Section 5102(d) encompasses permanent injuries, it also encompasses non-permanent injuries that interfere with a person's daily activities for three months.  Plaintiff separately alleges "permanent" and "severe" injuries (to unspecified organs or bodily functions), resulting in damages in excess of the $25,000 threshold required for filing in New York Supreme Court.  *See* Dkt. 1-1 at 7.  Defendants are not required to guess the duration or nature of Plaintiff's injuries, particularly when Plaintiff alleged an amount in controversy relative to a far lesser threshold and refused to respond to an inquiry as to damages for two months, a pattern of conduct that seems designed to frustrate a timely removal.

settlement in state court.  If a live dispute remains, the joint letter must satisfy the requirements for a joint preconference letter, as set forth in the Notice of Initial Pretrial Conference, and attach a proposed case management plan and scheduling order.

The Clerk of Court is respectfully directed to terminate the pending motion at docket entry 9.

**SO ORDERED.**

Date:  August 31, 2020
New York, New York

                              **VALERIE CAPRONI**
                              **United States District Judge**